## TULLIS et al. v. DICK et al.

### No. 3057.

Court of Civil Appeals of Texas. El Paso.
May 17, 1934.

Dwight Whitwell, of Dallas, for appellants.

James V. Allred, Atty. Gen., Gaynor Kendall, Asst. Atty. Gen., and Robert L. Hurt, Dist. Atty., of Dallas, for appellees.

WALTHALL, Justice.

This appeal was taken from a judgment of the district court of Dallas county sustaining a general demurrer to plaintiff's original petition filed October 27, 1933, and first supplemental original petition of plaintiff J. T. Tullis, filed November 4, 1933, complaining of C. W. Dick, J. L. Dunn, and T. J. Thompson, acting in the capacity as members of the state board of barber examiners, and James V. Allred, in the capacity of Attorney General of, the state of Texas, and Robert L. Hurt, acting in the capacity of district attorney of Dallas county, Tex., in which petition plaintiff prays that pending a hearing on the matters complained of the trial court issue its temporary restraining order restraining each of defendants from collecting or attempting to collect a tax or license fee of $2.50; from prosecuting or interfering with plaintiff in his work as a barber; from sending their agents, employees or representatives into any barber shop in this state to make, inspections; from paying any such inspectors salaries or expenses out of the funds of the state board of barber examiners and from expending, paying out, or approving for payment any claim whatever for the payment of any money out of the funds theretofore collected by said board from the $2.50 tax or license fee, or, in the alternative, that the trial court set a day and defendants be notified to appear and show cause why such temporary restraining order should not issue, and that on a final hearing defendants and each of them be permanently enjoined and restrained from all the matters complained of, and that House Bill No. 329, Acts of the Forty-third Legislature of Texas (Vernon's Ann. P. C. art. 734a, §§ 7, 16, 17, 20, 23, 24, 28), be declared in all things unconstitutional and void, and particularly that portion thereof that attempts to levy said $2.50 annual tax or license fee for registered barbers.

Without stating in detail the several matters complained of, plaintiff alleges that he is a barber in Dallas county and desires to continue to earn his living by following his trade as a barber; that he brings this suit for himself and for all other persons in the state similarly situated and who may desire to join him herein. The petition then proceeds to state the several provisions of House Bill No. 329, Acts of the Forty-third Legislature of Texas (chapter 235), and specially the levy therein provided upon every barber in the state in active practice, an annual tax or license fee of $2.50 as a prerequisite to the right to follow the trade as a barber. Plaintiff alleges that the bill is unconstitutional and void, for the reasons stated.

Plaintiff alleges that unless he pays said annual renewal license fee levied by law under said chapter 235, for the fiscal year beginning November 1, 1933, of $2.50, the defendants, acting in their several capacities stated, unless restrained, will cause his license to be canceled and revoked, the civil and criminal law will be invoked and sought to be enforced, his barber's license be canceled and he be deprived of his right to work at his trade as a barber, and he suffer damage and loss for which he has no adequate remedy at law.

Ben McIntosh intervened in the suit and adopted all of the allegations of plaintiff's petition; alleges that he holds a registered assistant barber's license, and of which he is in danger of losing being unable to pay the renewal fee of $2.50 levied under the said House Bill No. 329, and after pointing out the various provisions of the bill, and the provisions of the Penal Code under which he would be subject to prosecution, he prays that all such provisions be declared unconstitutional and void, and defendants be restrained from putting into effect any of said provisions.

Defendants, each in their several official capacities in which they are sued, answer by general demurrer and special exceptions, and general denial to plaintiff's and intervener's petitions. The court, on November 15, 1933, sustained defendants' general demurrer to plaintiff's and intervener's petitions, and each having refused to amend the cause was dismissed.

Plaintiff and intervener excepted to the order of the court dismissing the suit and gave notice of appeal to the Court of Civil Appeals at Dallas.

The record shows that thereafter on or about the 1st day of December, 1933, and before the appeal was perfected, plaintiff Tullis paid to the state board of barber examiners the sum of $2.50 in payment of the renewal license fee levied under said chapter 235, Acts 1933 (section 20 [Vernon's Ann. P. C. art. 734a, § 20]) for the fiscal year beginning

November 1, 1933; said payment being accompanied by the following affidavit:

"The State of Texas, County of Dallas.

"Before me the undersigned authority, this day personally appeared J. T. Tullis, to me well known, did depose and say that on Nov. 1, 1933, he was unable financially to pay the $2.50 barber renewal license fee, and is unable now, and is now remitting the $2.50 renewal fee under protest.

."[Signed]   J. T. Tullis.

"Sworn to and subscribed before me this 27th day of Nov. A. D. 1933.

"[Signed]   Louis R. Munoz,
"Notary Public, Dallas County, Texas."

The record further shows that on April 12, 1934, the defendants filed a motion in this court to dismiss the appeal of Tullis and McIntosh, and in said motion state briefly the filing of plaintiff's petition in which he sought to restrain defendants from collecting and attempting to collect a license fee levied by law upon every registered barber and assistant barber who continues in active practice or service, and to restrain defendants from prosecuting and attempting to prosecute plaintiff and intervener for continuing to engage in the practices of barbering without having paid said license fee; and further stating in the motion the disposition made by the court of the suit as stated above; and further stating in the motion the subsequent payment of the license fee accompanied by the plaintiff's affidavit stated above, and further stating briefly in said motion the contention made by intervener McIntosh, and that before his appeal was perfected defendant, the state board of barber examiners, upon reviewing the examination papers prepared by McIntosh in answer to questions propounded to him by said board, found that McIntosh had honorably passed the examination for registered barbers, and had paid the fee prescribed for said examination and which would entitle him to license fee for the fiscal year beginning November 1, 1933. Thereupon the said board issued to said McIntosh a certificate of registration as a registered barber, which certificate would entitle him to engage in the practice of barbering in this state until November 1, 1934.

Upon the facts above stated defendants James V. Allred, Attorney General, and Gaynor Kendall, Assistant Attorney General, present the motion in this court to dismiss the appeal of Tullis and McIntosh.

The motion is verified as follows:

"The State of Texas, County of Travis.

"Before me, the undersigned authority, on this day personally appeared Herbert Hughes, Secretary, Texas Board of Barber Examiners, to me well known, who, after being by me duly sworn, upon his oath deposes and says: That he has read the foregoing motion to dismiss the appeal in the cause No. 3057, pending in the Court of Civil Appeals for the 8th Supreme Judicial District of Texas, entitled J. T. Tullis, et al., v. C. W. Dick, et al., and that the facts stated in said motion are to his knowledge true and correct.

"[Signed]   Hubert Hughes.

"Sworn to and subscribed before me this the 7th day of April, A. D. 1934.

"[Signed]   Pauline R. Frank,
"Notary Public in and for Travis County, Texas."

To which the notarial seal is impressed.

Tullis and McIntosh answer the above motion, and say that the issues involved in their appeal have not become moot and that the appeal ought not to be dismissed, because the renewal tax or fee levied by chapter 235, as stated, is an annual recurring tax, and they seek to enjoin not only the tax due on November 1, 1933, but all future levies as well, and that to dismiss this appeal would cause them to have to file an annual suit, and to have this suit dismissed without a hearing on the merits of their controversy would effectually cut off their right to a final hearing and close the doors of relief to them. They make some additional statements which deny the legal effect of the facts stated in the motion, which we need not state here.

### Opinion.

The payment of the barber's annual renewal license fee by Tullis, and the finding by the board that McIntosh had passed the examination for registered barbers, had paid the prescribed fee which would entitle him to license, for the current year of 1934, and the issuance to him of a certificate of registration as a registered barber for the year 1934, removes from the case in this court all equities in the case, leaving no meritorious questions to be reviewed by this court.

For reasons stated, the appeal is dismissed.